**UNITED STATES of America,**
**Appellee,**

v.

**Gary Bernard CAIN, Appellant.**

No. 05–2612.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 13, 2006.

Decided: Feb. 17, 2006.

Tracy T. Braun, U.S. Attorney's Office, Minneapolis, MN, for Appellee.

Gary Bernard Cain, Terre Haute, IN, pro se.

Caroline Durham, Minneapolis, MN, for Appellant.

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

PER CURIAM.

Gary Bernard Cain pleaded guilty to three counts of bank robbery. At the plea

hearing, Cain agreed he was a career offender based on his criminal history, and his resulting sentencing guidelines range was 168–210 months. After the district court rejected his objections to the presentence report at sentencing, Cain agreed the 168–210 range was correct. The district court * sentenced Cain at the bottom of the advisory guidelines range to 168 months in prison and three years of supervised release. Cain appeals arguing his post-*Booker* sentence is unreasonably long and the district court failed to cite sentencing factors contained in 18 U.S.C. § 3553(a). Cain has not overcome the presumption that his sentence within the advisory guidelines range is reasonable. *See United States v. Lincoln,* 413 F.3d 716, 717–18 (8th Cir.2005). The district court properly considered the guidelines range and applied the other factors in § 3553(a), including the nature, seriousness, and circumstances of the offense, Cain's criminal history and characteristics, and the need to promote respect for the law, provide just punishment, and deter criminal conduct. The district court was not required to enumerate each factor listed in § 3553(a). *United States v. Lamoreaux,* 422 F.3d 750, 756 (8th Cir.2005). The court also stated reasons why the factors supported a sentence of 168 months.

Considering the record as a whole, we cannot say the district court imposed an unreasonable sentence. Accordingly, we affirm.

---

* The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.